5 F.3d 542
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jaime NAVARRO-LEON, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Santana NAVARRO-RIVERA, Defendant-Appellant.
 Nos. 92-50226, 92-50433.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 31, 1993.
Decided Sept. 22, 1993.
 
 Appeal from the United States District Court, for the Central District of California, D.C. Nos. CR-91-0922-JMI-1, CR-91-0922-JMI-2; James M. Ideman, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before: BRUNETTI, KOZINSKI and BOGGS,* Circuit Judges.
 MEMORANDUM**
 A. Navarro-Leon
 The district court's finding that defendant committed perjury was not clearly erroneous. See United States v. Arias-Villanueva, slip op. 7581, 7614-15 (9th Cir. July 20, 1993). The court was not required to make findings as to specific portions of the defendant's testimony it believed to be false, id.; it is enough that it found his testimony false, material and willful. See id.; SER 57, 61, 70. Therefore, a two level enhancement for obstruction of justice was appropriate. United States v. Dunnigan, 113 S.Ct. 1111, 1118 (1993); Arias-Villanueva, slip op. at 7614.
 
 
 1
 Nor did the court violate Navarro-Leon's Sixth Amendment right to a jury trial for his contempt conviction: He received only a six-month concurrent sentence, see United States v. Rylander, 714 F.2d 996, 1005 (9th Cir.1983), and the enhancement was not an additional sentence for contempt, but a legitimate exercise of discretion in sentencing for the underlying offense. See 18 U.S.C. Sec. 3661; U.S.S.G. Sec. 1B1.4. Since a defendant's sentence can be enhanced based on conduct for which he was neither indicted nor convicted, see United States v. Wong, slip op. 8623, 8635 (9th Cir. Aug. 10, 1993), and even for conduct for which he never could have been convicted, see id., it follows a fortiori that his sentence can be enhanced based on the contempt conviction.
 
 
 2
 His challenge to the Jewell instruction also fails since the jury could properly have found he was aware of a high probability of illegal activity and purposefully avoided investigating. See, e.g., SER 32, 43-44, 48; see United States v. Bobadilla-Lopez, 954 F.2d 519, 523 (9th Cir.1992).
 
 B. Navarro-Rivera
 
 3
 This defendant fares no better. The evidence against him was sufficient for "[a] rational trier of fact [to] have found the essential elements of the offense beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The district court did not abuse its discretion in admitting expert testimony on the use of pagers by drug dealers--evidence we've often found relevant, see, e.g., United States v. Crespo De Llano, 838 F.2d 1006, 1018 (9th Cir.1987)--or on the distinctive packaging of the cocaine. Collectively, such evidence tended to establish the dominion and control necessary to support his conviction under 21 U.S.C. Sec. 841(a)(1).
 
 
 4
 Neither did the court err by giving an aiding and abetting instruction since evidence suggested that Navarro-Rivera associated with the criminal venture and participated in it. See Arias-Villanueva, slip op. at 7595. Finally, even if the admission of the unauthenticated telephone service agreement was an abuse of discretion, we conclude the evidence against defendant was substantial enough to ensure any error was harmless. Id. at 7593.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The Honorable Danny J. Boggs, United States Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3